CARL WINTROOK, Appellant, v. AUGUST ZIMMER,
Respondent.

### St. Louis Court of Appeals, April 10, 1888.

SETOFF—SURETY IN REPLEVIN BOND.—A surety in a replevin bond,
against whom a judgment has been rendered thereon, cannot set
off against such judgment an indebtedness due to him from the
defendant in replevin.

APPEAL from the St. Louis Circuit Court, HON.
DANIEL DILLON, Judge.

*Affirmed.*

M. KINEALY and JAS. R. KINEALY, for the appel-
lant : *Prima facie* there is an undoubted right of
offset, whether under the statute, at common law, or as
equitable relief within the equity powers of the court.
The right is given by statute.   Rev. Stat., sec. 3875, p.
660.   And this is not affected by the fact that one of
the judgments is against a principal and surety. *Pierce
v. Bent*, 69 Me. 385.   The right exists at common law
and independent of the statute. *Mitchell v. Oldfield*,
4 Term Rep. (Durford & East), 123 ; *Barker v. Braham*,
2 Wm. Blackstone, 871.   The right also exists as equit-
able relief. *Fulkerson v. Davenport*, 70 Mo. 541 ; *Field
v. Oliver*, 43 Mo. 202 ; *Johnson v. Hall*, 84 Mo. 214 ;
*Bauer v. Teasdale*, 25 Mo. App. 25.

MUENCH & CLINE, for the respondent: This is a
motion not by plaintiff, but by Mr. Schnake, plaintiff's
surety.   We submit that section 3867, Revised Statutes,
1879, does not apply here, because Mr. Schnake has not
brought any action against defendant, nor has defendant
brought an action against him, and there is no mutual-
ity.   Even if that were the case the judgment attempted
to be set off against the judgment here is not in favor

of Mr. Schnake, but in favor of the state of Missouri to his use. Said judgment cannot be set off. *Harrell v. Petty*, 11 Rich. [S. C.] 373. The plaintiff had failed in his action and the law has, through the circuit court, ordered plaintiff to return the property, or, on the election of the party injured (the defendant), to pay the value thereof. This election has not been made, nor could the circuit court have required defendant, or his assignee, to make it, until the property had been returned to the constable. Rev. Stat., secs. 2900, 2903. To allow the setoff here moved for would be to defeat the exemption rights of the defendant by a circuitous procedure not to be tolerated, "to lose his property, though exempt." *Johnson v. Hall*, 84 Mo. 212, 213; *Bauer v. Teasdale*, 25 Mo. App. 25. Under no circumstances could the right of the defendant to combat the wrongful seizure of his property be defeated by some judgment not growing out of the transaction at issue and on trial. Waterman on Setoff [2 Ed.] 169; *Arthur v. Sylvester*, 105 Pa. St. 233; *Sharp v. Kinsman*, 18 S. C. 108; Wells on Replevin, secs. 631, 633. There is no mutuality in the judgments, so that no setoff could exist under any circumstances. Rev. Stat., secs. 3875, 3878; *Tagg v. Bowman*, 99 Pa. St. 376. The right of setoff is purely of statutory origin and though the statute gives a right of setoff in a suit on an attachment bond "against the party to whose use the suit is brought to the same effect as if he were a party plaintiff," the surety in a replevin bond stands on no such footing. *State ex rel. v. Eldridge*, 65 Mo. 584.

PEERS, J., delivered the opinion of the court.

This is a suit by replevin commenced before a justice of the peace in the city of St. Louis on the fifth day of June, 1886. The property described in the complaint was taken from the defendant and delivered to the plaintiff by the officer in charge of the writ. The cause was tried before the justice where the plaintiff had judgment for possession and one cent damages. The defendant

appealed to the circuit court, where, upon trial before the court, sitting as a jury, judgment was rendered for the defendant, assessing the value of the property at one hundred dollars, and the damages for taking and detaining the same at one cent. This was on the seventeenth day of May, 1887; on the fourteenth of June following, a motion for a new trial was overruled. On the twenty-second of the same month the defendant Zimmer for value assigned and set over to Hugo Muench by proper entry of record the judgment so obtained by him ; on the twenty-third of the same month C. A. Schnacke, who, it appears, was the security for the plaintiff on this replevin bond, and upon which the judgment was rendered in the circuit court, filed an application to be allowed to set off the judgment against him on the bond with a judgment rendered in his favor against this defendant on the twenty-ninth of September, 1877. This the court overruled and after an unsuccessful motion to set aside and for rehearing Schnacke appeals from the order of the court of July 9, overruling his motion.

While there are several questions raised by the record, it is conceded that the controlling point to be decided is as to the action of the trial court in refusing to permit the security in the replevin bond to set off the judgment obtained with another judgment rendered against this defendant and in favor of said security in a former proceeding. This involves the construction of the following statute :

"If any two or more persons are mutually indebted in any manner whatsoever, and one of them commences an action against the other, one debt may be set off against the other, although such debts are of a different nature." Rev. Stat., sec. 3867.

We are unable to see wherein this statute applies to the case at bar. The judgment below was for the return of the property taken by virtue of the replevin writ or payment of the assessed value thereof, at the election of the party injured. The election is not made until the

property is delivered to the constable on execution, and if not delivered within ten days after execution issued, the plaintiff may cause the assessed value thereof and the damages and costs to be levied of the property of the defendant and his sureties. Rev. Stat., secs. 2900, 2903, 2904. True, in a certain event, the security in the replevin bond may be required to pay off and discharge this judgment, but it does not follow by reason of the fact that he comes within the purview of the above sections. Schnacke does not bring this action against defendant, nor has defendant brought an action against him. Schnacke's liability, therefore, depends entirely upon the discretionary action of the defendant. There is no mutuality in the judgments, so that no setoff could exist. Rev. Stat., sec. 3878; *Tagg v. Bowman*, 99 Pa. St. 376. But the appellant insists that he has an equitable remedy also. If he has, it cannot, in this case, be by motion. The record shows an assignment of the judgment to Muench and also a claim of exemption on the part of defendant Zimmer. If Schnacke is seeking equitable relief he must institute such proceedings as would protect the rights of all parties. Certainly Muench must have notice and be brought into court to enable the court to determine his rights. It is unnecessary to discuss the matter further or cite authorities.

The judgment of the circuit court is affirmed. All concur.